John P. Baird *et al.*, plaintiffs in error, *vs.* Joshua K. Evans, defendant in error.

1. Where the certificate to the acknowledgment of a deed executed in a foreign state, by the commissioner of deeds for the state of Georgia, shows that such commissioner was one of the attesting witnesses, though that fact does not appear from the attestation itself, the deed is admissible in evidence, it having been regularly recorded.

2. A plea to an action of ejectment, to the effect that a certain deed, constituting one link in the plaintiff's claim of title, was made in fraud of the rights of creditors under whom defendants hold, and is fraudulent and void, should, on motion, be stricken.

3. An execution showing levy upon, and sale of certain land, without specifying who to, is inadmissible as color of title, in the absence of proof that a deed was executed in accordance with such sale.

4. Parol evidence as to who was the purchaser of the land, as a foundation for the introduction of such execution, was properly excluded. To constitute title by prescription, the possession must have been under written evidence of title.

Deeds.   Evidence.   Pleadings.   Prescription.   Before Judge KIDDOO.   Terrell Superior Court.   May Term, 1876.

On December 22d, 1869, Evans brought ejectment against John P. and W. C. Baird, for lot of land number one hundred and twenty-five, in the 12th district of Terrell county. The defendants pleaded the general issue, title by prescription, and an equitable plea to the following effect: that the deed made by Henrietta V. Hart to Eugene Hart, upon which plaintiff relies, was made in fraud of the rights of creditors under whom the defendants hold, and is fraudulent and void. This last plea was, on motion, stricken, and defendants excepted.

As a part of his chain of title, the plaintiff offered in evidence a deed from Alexander Holmes to Franklin O. Welch, bearing date May 4th, 1855, purporting to have been executed in the state of Florida, in the presence of two witnesses, and which had been recorded. It was objected that the deed was not properly probated, in this, that neither of the attesting witnesses appeared to have had authority to take an acknowledgment of a deed executed in Florida. From the attestation clause alone, this objection would seem to be well founded, but in the certificate of acknowledgment immediately following the attestation clause, Francis J. Wheaton, one of the attesting witnesses, certified that he was a commissioner of deeds, etc., for the state of Georgia. The objection was overruled, and the defendants excepted.

Plaintiff showed a complete chain of title from the state to himself. One link in this chain was composed of a deed from Henrietta V. Hart to Eugene Hart, of date 9th of March, 1858; another, of deed from Eugene Hart to plaintiff, of date August 7th, 1866.

The defendants introduced a deed from the sheriff of Terrell county to them, dated November 19th, 1860, covering the premises in dispute, purporting to have been executed by virtue of a sale made under a *fi. fa.* in favor of one Felix Banks *vs.* T. Berry and C. P. Sutton, the property having been levied on as belonging to the latter.

William Baird testified as follows: "Took possession of the premises in dispute in fall of 1858, under C. P. Sutton." He purchased from the latter paying one-half cash, giving his note for the balance, and taking bond for title. Sutton subsequently absconded, and witness paid the balance of the purchase money to Samuel Lindsay for him. The land was afterwards levied on as the property of Sutton, and sold; it was purchased by witness' sons, the defendants. Defendants have been in open and notorious possession of the land, paying taxes thereon, and claiming it as their own, since 1858.

The defendants offered in evidence an execution in favor of Isabella Smith against Henrietta V. Hart and C. P. Sutton, with an entry thereon of a levy upon the property in dispute on August 2d, 1858; also the following entry: "The above land sold for $77.50. This 3d November, 1858." (S'g'd) "Kennan Dale, Dept. Sh'ff." The object of this testimony was to show color of title in defendants. Upon objection, it was excluded, and defendants excepted.

The defendants proposed to prove by W. C. Gill that Henrietta V. Hart told him about March 1st, 1858, that she was afraid the land in controversy would be sold for a debt against her and Sutton; that she applied to witness to ascertain how she could manage to protect the same from such sale. That she stated she was about to convey it to her son, Eugene Hart, and that shortly thereafter she informed him that she had made such conveyance. That she left the country about that time. That witness drew a deed for her, but refused to attest it because it was fraudulent.

Upon objection made, this evidence was excluded, and defendants excepted.

The defendants proposed to prove by W. B. Walker that he bid off the land at sheriff's sale, in the fall of 1858, when it was sold as the property of Henrietta V. Hart, under an execution against her and C. P. Sutton; that he turned over his bid to Sutton, and the latter went off with the sheriff "to fix it up."

This evidence was also excluded, and defendants excepted.

. The plaintiff proved that Eugene Hart was about ten or twelve years of age in 1858, when the land was conveyed to him by his mother.

The jury found for the plaintiff. The defendants moved for a new trial upon each of the grounds taken in the above exceptions. The motion was overruled, and they excepted.

A. Hood; Hoyle & Simmons; J. G. Parks, for plaintiffs in error.

D. A. Vason, by C. B. Wooten, for defendant.

Warner, Chief Justice.

The plaintiff brought his action against the defendants to recover the possession of a lot of land described in his declaration. On the trial of the case, the jury found a verdict in favor of the plaintiff. The defendants made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendants excepted.

. 1. There was no error in admitting in evidence the deed from Alexander Holmes to F. O. Welch. That deed purported to have been executed in the state of Florida on the 4th of May, 1855, and had been recorded. The objection to its admission in evidence was for the want of a proper probate. The deed appears to have been signed, sealed and delivered in presence of Moses Curry and Francis J. Wheaton, the subscribing witnesses thereto. Although Wheaton, when he subscribed his name to the deed as a witness, did not add thereto that he was a commissioner of deeds for the state of Georgia, yet his certificate is attached to the deed,

in which his official character is fully set forth, and the courts of this state are bound to recognize the official acts of its own commissioners, appointed under the laws thereof to take the probate and acknowlegment of deeds in other states. The deed in this case was attested by two witnesses, one of whom was a commissioner of deeds for the state of Georgia, as appears by his certificate on the deed itself, and, therefore, comes within the ruling of this court in *Watts et al. vs. Smith et al.,* 19 *Ga. Rep.,* 8.

2. There was no error in striking the defendants' equitable plea, in view of the allegations contained therein. The plea did not allege that the deed executed by Henrietta V. Hart to Eugene Hart was made with the intention to delay or defraud the creditors of the plaintiff, or that he had any knowledge of it, nor did the plea allege that such intention was known to Eugene Hart, the party taking the conveyance—Code, §1952.

3. There was no error in ruling out the execution offered in evidence in favor of Isabella Smith against Henrietta V. Hart as color of title, or for the purpose of showing title out of her. It is true that there is an entry on the execution that the land was levied on by the sheriff on the 2d of August, 1858, as the property of the defendant, H. V. Hart, and was sold on the 3d of November, 1858, but who was the purchaser does not appear, nor that any deed under that sale was ever made to any person for the land.

4. There was no error in ruling out the parol evidence of Walker as to who purchased the land at the sheriff's sale, so as to make the execution admissible in evidence as color of title on which to base a prescriptive title by possession. To constitute a good prescriptive title to land, the possession thereof must be under written evidence of title, not part in writing, and part in parol. The equitable plea having been properly stricken, the evidence of Gill, offered in support of it, was also properly rejected.

Let the judgment of the court below be affirmed.